# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| RUDOLPH V. WILLIAMS | CIVIL ACTION NO. 05-1481-L |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Rudolph V. Williams. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving concurrent sentences totaling 50 years imposed by the Twenty-seventh Judicial District Court on July 14, 2000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On September 22, 1998, agents of the St. Landry Parish Drug Task Force commenced an undercover investigation and ultimately obtained a search warrant for petitioner's residence in Eunice, Louisiana. On September 24, 1998 the residence was searched and petitioner was arrested and charged with various narcotics offenses. Evidence seized pursuant to the search warrant was analyzed by the Acadiana Crime Lab. The Crime Lab determined that the

substances submitted for analysis were cocaine (totaling 351 grams) and marijuana (totaling 1695 grams). [See Exhibit 1-3[1] (Report of Det. Martin Chevis, Eunice Police Department); Exhibits 11-12 (Search Warrant); Exhibits 13-14 (Acadiana Crime Lab Report)]

2. On November 24, 1998, petitioner was charged in a three count bill of information with distribution of cocaine, possession with intent to distribute marijuana, and possession of more than 200 grams but less than 400 grams of cocaine. [Exhibit 19]

3. On February 2, 2000 petitioner pled guilty pursuant to a plea agreement. [Exhibit 64-98] The substance of the agreement was recited by the court as follows:

> Now as I appreciate it there is some plea bargain involved in this case and basically the plea bargain has been set forth in the form ... that I have in front of me. And as I appreciate it the plea bargain in effect calls for you to enter a plea of guilty to all three of the charges and that the only recommendation ... that is going to be made by the district attorney's office is that ... whatever sentences are imposed on you that those sentences ... on these three counts that the district attorney would recommend the sentences run concurrently. Now that, according to the paperwork I have in front of me, is the only plea agreement that you have. Do you understand that? [Exhibit 80]

In addition, petitioner's attorney explained further conditions of the plea agreement:

> Your Honor, part of the plea agreement, my understanding, that he was going to be allowed to remain out to ... engage in a cooperation with agents of the federal government. And that's one of the reasons that I had asked Mr. Taylor [St. Landry Parish District Attorney] that part of the plea agreement would be that he would be sentenced in April allowing him time to go over there, cooperate and by that time the court would – the agents would make known to the court the length and extent of his cooperation so that that would also be considered at sentencing. Mr. Williams

---

[1] Some but not all of petitioner's exhibits have been identified; for ease of reference, the undersigned has sequentially numbered the exhibits. The references in this Report are to the page numbers located in the lower right corner of each page.

has been out on bond. He's known that he's faced substantial time.
I've explained the downside of the case to him. He's made all of
his court appearances, Judge. He hasn't missed any of them.
[Exhibit 91]

3. On July 14, 2000, a sentencing hearing was convened. [Exhibit 99-116] At the sentencing hearing it was discovered that subsequent to petitioner's guilty plea, he was arrested by Allen Parish authorities and charged with being in possession of approximately ten pounds of marijuana and twenty-eight grams of cocaine. [Exhibit 105-106] It was also revealed that petitioner did not "cooperate" with federal authorities as discussed in the plea colloquy. [Exhibit 110-111] In any event, petitioner was sentenced on the distribution of cocaine charge to serve fifteen years at hard labor; on the charge of possession with intent to distribute marijuana, he was sentenced to serve ten years at hard labor; and, on the charge of possession in excess of 200 grams of cocaine, petitioner was sentenced to serve fifty years at hard labor. As provided in the plea agreement, the sentences were ordered to be served concurrently. [Exhibit 113]

4. Petitioner did not appeal his conviction or sentence. [Doc. 1-1, p. 3, paragraph 6(a)]

5. On May 30, 2002 petitioner filed an Application for Post-Conviction Relief in the Twenty-seventh Judicial District Court. [Exhibit 28-29; 4; Doc. 1-1, paragraph 7(b)(iii), page 4]

6. On June 28, 2002 petitioner's Application was denied by the trial court. [Exhibits 4-9]

7. On August 27, 2002 petitioner filed an application for writs in the Third Circuit Court of Appeals. On May 12, 2003, his writ application was denied. See State of Louisiana v. Rudolph Williams, KH-02-01042 (La. App. 3d Cir. 5/12/2003). [Exhibit 10]

8. On August 5, 2003 petitioner filed an application for supervisory writ of review in the Louisiana Supreme Court. The writ application was assigned Supreme Court Docket Number

2003-KH-2198. [Exhibit 20-63] On August 20, 2004, the writ application was denied. See State of *Louisiana ex rel. Rudolph Williams v. State of Louisiana*, 2003-2198 (La. 8/20/2004), 882 So.2d 571. [See also Exhibit 17]

9. On some unspecified date petitioner filed a second application for post-conviction relief seeking an out-of-time appeal. [See Doc. 1-1, paragraph 4, page 2] That application was apparently denied by the district court and the court of appeals and so on April 19, 2005 petitioner filed an application for writs in the Louisiana Supreme Court in a pleading docketed as No. 2005-KH-1454. [Exhibit 15] This writ application is still pending. [Doc. 1-1, paragraph 4, page 2]

10. On July 18, 2005 petitioner filed a federal *habeas corpus* petition in the United States District Court for the Middle District of Louisiana. On July 26, 2005 that petition was dismissed for lack of jurisdiction. That court noted that since petitioner's conviction occurred in St. Landry Parish and that since he was incarcerated in Allen Parish his suit in the Middle District was improper. See *Rudolph V. Williams v. Terry Terrell*, Warden, No. 3:05-cv-00958 (United States District Court, Middle District of Louisiana).

11. Petitioner's current *habeas corpus* petition was signed on August 15, 2005 and received and filed on August 17, 2005.

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

July 22, 2000.³ See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires. The time for seeking direct review expired when the five day limitations period lapsed.) Under 28 U.S.C. §2244(d)(1) he had one year, or until July 22, 2001 to file his federal *habeas corpus* petition.

Petitioner filed an Application for Post-Conviction Relief on May 30, 2002. However, by that time, over one-year and ten months had elapsed.⁴ As noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

_____Petitioner contends that he is not time barred because "Currently in the Louisiana Supreme Court, awaiting decision from denial of out of time appeal. Technically Petitioner's time does not start to toll until their decision is rendered." [Doc. 1, paragraph 4] His contention is incorrect. If a defendant stops the appeal process before the entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the

---

³ See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Tuesday, July 14, 2000. The five day delay for filing an appeal commenced on Wednesday, July 15. Saturday July 18 and Sunday, July 19 were legal holidays. The five day period for taking an appeal ended on Tuesday, July 21, 2000. Therefore, petitioner's judgment of conviction and sentence became final, at the latest, on Wednesday, July 22, 2000.

⁴ See http: // www. timeanddate.com/ date/ durationresult. html?m1 =7&d1= 22&y1= 2000&m2=5&d2=30&y2=2002

state court expires. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). As noted above, for AEDPA purposes, petitioner's judgment of conviction and sentence became final when the delays for seeking an appeal lapsed. Thereafter, petitioner's AEDPA clock started and then expired long before he filed his first Application for Post-Conviction Relief in the Louisiana courts.

Petitioner suggests that when a Louisiana court grants an out-of-time appeal, the *habeas* petitioner's AEDPA clock is restarted as of the date upon which the out-of-time appeal process has concluded. Stated another way, petitioner suggests that his judgment of conviction does not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commences on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", a federal *habeas* petitioner has a full year reckoned from the date that the out-of-time appeal process concludes within which to file his petition.

However, the Fifth Circuit has clearly rejected such a contention. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714, (2004) the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions. On appeal, Salinas argued that (1) when Texas' high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the conclusion of direct review. Or, as this argument was summarized by

the Fifth Circuit, "Thus, Salinas argues, his conviction was 'de- finalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429.

The Fifth Circuit rejected Salinas's argument:

> "<u>On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.</u> See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, <u>nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review.</u> See § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that <u>potential</u> relief prevents the limitations period from starting to run until after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process. If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief." *Id.* at 429-430 (emphasis supplied)

This reasoning is applicable to the case at bar. In Louisiana the only mechanism which can be employed to reinstate lapsed appeal rights and thus grant an out-of-time appeal is the Application for Post-Conviction Relief. See *State v. Counterman*, 475 So.2d 336 (1985). In *Counterman*, the Louisiana Supreme Court held:

> "La.C.Cr.P. Art. 915 requires the court to order an appeal when a

> motion for appeal is made in conformity with Articles 912, 914 and 914.1. <u>However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La.App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.</u>
>
> <u>After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.</u>" *State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "...<u>the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal</u>, after the delay provided in Article 914 has expired, is an <u>application for post conviction relief</u> pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

In this case, the only mechanism that petitioner can rely upon to obtain an out-of-time appeal is by an Application for Post-Conviction Relief. His efforts in that regard have apparently been unsuccessful to date. However, even should he prevail in the Louisiana Supreme Court he, like Mr. Salinas, will not thereby be entitled to have the finality of his conviction "de-finalized."

As stated above, petitioner's pleadings and exhibits do not suggest that the reckoning periods provided in § 2244(d)(1)(B), (C), or (D) should apply. He has alleged no state created impediment to filing the present application. His claims for relief do not rest on newly recognized constitutional rights, nor on newly discovered facts.

Nor do there exist extraordinary circumstances such as to warrant the application of equitable tolling thus exempting petitioner's claims from dismissal under §2244(d)(1). The

one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alluded to herein[5] are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

---

[5] See Doc. 2-1, petitioner's "Motion for Extension of Time Excusable Neglect or Good Cause." As shown above, petitioner's AEDPA limitations period expired long before inmate counsel began to file pleadings on petitioner's behalf.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on November 4, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)